# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CINDY HOLLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0488** (BOR Appeal No. 2049139)
                        (Claim No. 2010138701)

**CABELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cindy Holley, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabell County Board of Education, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 22, 2014, in which the Board affirmed a December 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 31, 2013, decision which denied a request to add plantar fasciitis as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Holley, a cook, was injured in the course of her employment on May 20, 2010, when she tripped and fell. The claim was held compensable for posterior tibialis tendonitis of the left ankle and fracture of the navicular bone of the left foot. Ms. Holley suffered a similar injury to her left foot in November of 2007. Ms. Holley has requested the addition of and treatment for plantar fasciitis multiple times in this claim as well as her 2007 claim. Ms. Holley underwent an independent medical evaluation by Robert Walker, M.D., in February of 2011. Dr. Walker found

that she had reached maximum medical improvement for her May 20, 2010, injury, had returned to work, and did not anticipate any further treatment for the injury.

Three physician reviews were performed concerning the addition of or treatment for plantar fasciitis. Rebecca Thaxton, M.D., recommended that custom orthotics for plantar fasciitis and an evaluation of Ms. Holley's left knee be denied. She found no explanation in the treatment notes of Kevin Brown, D.P.M., Ms. Holley's treating physician, of how the left knee is related to the compensable injury in the claim. James Dauphin, M.D., recommended denying the addition of plantar fasciitis and tibial posticus tendonitis to the 2007 claim. He found that there is no possible way that Ms. Holley's knee pain is related to her compensable ankle injury. He opined that the pain is more likely the result of her being overweight. Finally, Randall Short, D.O., and Rayod Almanei, M.D., recommended denying a request to add plantar fasciitis to the instant claim. They stated that, although plantar fasciitis could be caused by trauma, they saw no evidence of a diagnosis of plantar fasciitis in this claim. Ms. Holley's date of injury was in 2010, and she had a previous similar injury in 2007. It was noted that Dr. Dauphin previously reviewed the case and found that Ms. Holley is overweight and that factor was much more likely to cause her symptoms. Drs. Short and Almanei concurred with Dr. Dauphin.

The claims administrator and Office of Judges have repeatedly denied the addition of plantar fasciitis and treatment for the condition in both the 2007 claim and the instant claim. In the claim at issue, Ms. Holley introduced a letter by Dr. Brown in which he stated that she required orthopedic support because she has a flexible pes valgus foot type. The claims administrator denied his request to add plantar fasciitis as a compensable component of this claim on May 31, 2013.

The Office of Judges affirmed the claims administrator's decision in its December 18, 2013, Order. It found that the only medical evidence submitted in support of Ms. Holley's request is a letter from Dr. Brown in which he stated that she has a flexible pes valgus foot type and requires custom orthotics to support her foot properly. It was determined that his letter did not establish a causal connection between plantar fasciitis and the compensable injury. In fact, his letter did not discuss plantar fasciitis at all. Furthermore, the Office of Judges found that Dr. Walker performed an independent medical evaluation for the compensable injury and also made no mention of a diagnosis of plantar fasciitis in this claim. Finally, the Office of Judges found that Drs. Almanei and Short concluded in their physician review that there was no evidence to support a diagnosis of plantar fasciitis as a compensable condition in this claim. The Office of Judges therefore concluded that the condition was not a compensable component of the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2014.

On appeal, Ms. Holley argues that plantar fasciitis should be added to the claim because her treating physician, Dr. Brown, diagnosed the condition and opined that it was directly related to her compensable injury. Cabell County Board of Education asserts that there is no medical evidence that Ms. Holley suffers from plantar fasciitis or that the condition is connected to her compensable ankle injury. After review, we agree with the reasoning of the Office of Judges and

2

the conclusions of the Board of Review. There is no evidence in the record causally connecting plantar fasciitis to the compensable May 20, 2010, left ankle and foot injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II